IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **KELVIN ELLIS, AIS # 186479,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 03-0537-BH-L |
| **TOMMY BUFFORD,** | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION

Plaintiff, a Dallas County Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

**I. Complaint (Doc. 1).**

Plaintiff filed a § 1983 complaint naming Tommy Bufford of the Selma Police Department as the sole defendant and stating the alleged violation occurred on May 12, 2001. On July 11, 2003, the complaint was filed in the United States District Court for the Middle District of Alabama and was then

---

[1] The court's records indicate that Ellis has been transferred to the custody of the U.S. Marshal to answer a federal indictment in the Southern District of Alabama (Cr- 05-00011). The U.S. Marshal has indicated that Ellis is being housed at the Baldwin County Jail. Accordingly, the clerk is directed to mail this order to Ellis at the Baldwin County Jail, 200 Hand Avenue, Bay Minette, Alabama 36507.

transferred to this court.

In the complaint plaintiff alleges defendant Bufford stopped plaintiff's vehicle without probable cause, searched it without a warrant, and let the passenger leave. Nothing was allegedly found during the search. Plaintiff maintains this is harassment. Subsequently, upon plaintiff's incarceration, plaintiff's vehicle was used, and continues to be used by defendant Bufford, "for personal gain without [his] consent." For relief, plaintiff wants defendant Bufford to release his vehicle or pay plaintiff the value of the vehicle, $13,100.00.

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.

---

[2]The predecessor to this section was 28 U.S.C. § 1915(d).

### III. Discussion.

#### A. Stop and Search Claims.

##### 1. Statute of Limitations.

Plaintiff's claims based on the stop and search involve the criminal process, but no indication is given that they resulted in a conviction or other criminal judgment. Plaintiff's harassment claim is not a separate claim from the stop and search claims because plaintiff contends the illegal stop and search was the harassment. Thus, the court is foregoing a discussion of an independent harassment claim.

Plaintiff's stop and search claims occurred on May 12, 2001. Plaintiff then waited to July 11, 2003 to file his § 1983 complaint.[3] However, the statute of limitations for filing a § 1983 action in Alabama is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917, 113 S.Ct. 326, 121 L.Ed.2d 246 (1992); ALA. CODE § 6-2-38(l). The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. *Calhoun*, 705 F.2d at 424; *Rubin [v. O'Koren]*, 621 F.2d [114,]116 [(5th Cir. 1980)]; *Lavellee [v. Listi]*, 611 F.2d [1129,]1131[(5th Cir. 1980)]. Nor will a section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury. *Lavellee*, 611 F.2d at 1131 (quoting *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

---

[3]Plaintiff signed his complaint on July 10, 2003 (Doc. 1).

*Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

In the present action, plaintiff had reason to know of his stop and search claims when they occurred on May 12, 2001. Plaintiff nonetheless filed his action on July 11, 2003, in excess of two years from when his claims accrued. Thus, plaintiff's stop and search claims appear to be barred by the two-year statute of limitations. Furthermore, plaintiff's complaint does not appear to contain a defense that would prevent the court from applying the statute of limitations to his stop and search claims. Thus, plaintiff's stop and search claims are frivolous.

## 2. Application of *Heck v. Humphrey*.

If plaintiff had connected his stop and search claims to a conviction or criminal judgment, the court's handling of his stop and search claims would be different. If a favorable ruling by the court on the stop and search claims would have the effect of invalidating an outstanding conviction or criminal judgment, then plaintiff cannot proceed on such claims as they do not exist until the outstanding conviction or criminal judgment has been invalidated. *Heck*, 512 U.S. at 489, 114 S.Ct. at 2373-74. The *Heck* Court analogized a § 1983 damages action challenging an outstanding conviction or criminal judgment to a common law malicious prosecution action where a plaintiff had to show that the criminal action had terminated in his favor. *Id.* at 486-87, 114 S.Ct. at 2371. The *Heck* Court ruled:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has

>*not* been so invalidated is not cognizable under § 1983.  Thus, when a
>state prisoner seeks damages in a § 1983 suit, the district court must
>consider whether a judgment in favor of the plaintiff would necessarily
>imply the invalidity of his conviction or sentence; if it would, the
>complaint must be dismissed unless the plaintiff can demonstrate that
>the conviction or sentence has already been invalidated.

*Id.* at 486-87, 114 S.Ct. at 2372-73.

   *Heck* thus requires a plaintiff in a § 1983 action who is attempting "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," to make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus.  *Id.* at 486-87, 114 S.Ct. at 2372.  If a plaintiff fails to make this showing, then no cause of action under § 1983 exists. *Id.* at 489, 114 S.Ct. at 2373.  If plaintiff does show that invalidation did occur in a manner prescribed *Heck*, then a cause of action comes into existence at the time of invalidation and the statute of limitations begins to run.  *Id.* at 489, 114 S.Ct. at 2373-74.

   In the present action, if, in fact, the court could not make a favorable ruling on the stop and search claims without nullifying an outstanding conviction, plaintiff would have to show that his conviction had been previously invalidated in a manner prescribed by *Heck*, i.e., has been reversed, expunged, declared invalid by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  Plaintiff's allegations do not reflect that such invalidation has occurred.  Accordingly, plaintiff's claims that would nullify an outstanding conviction or criminal judgment if the court were to rule favorably upon them are precluded from review because plaintiff has

failed to establish that invalidation has occurred in a manner prescribed by *Heck*.

In regard to plaintiff's stop and search claims, plaintiff has the opportunity at this time, which is prior to the district judge's final determination of his claims, to place more facts before the court through an objection to the undersigned's recommendation. *Cf. Hughes v. Lott,* 350 F.3d 1157, 1163 (11th Cir. 2003) (finding inmate could amend his complaint even though the complaint did not contain a reason to toll of the statute of limitations because the dismissal had been without prejudice). Otherwise, the district judge when making the final decision in this action will have only that information contained in the court file, which is the information that was available to the undersigned in making this recommendation.

### B. Deprivation of Property Claim.

Plaintiff's other claim concerns defendant Bufford's use of plaintiff's vehicle for "personal gain." Plaintiff wants his vehicle returned or compensation for the value of his vehicle. The tenor of plaintiff's allegations indicate defendant Bufford acted randomly and in unauthorized manner, rather than pursuant to established state procedure. Therefore, it appears plaintiff is attempting to bring a claim for a deprivation of property without due process of law.

In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the United States Supreme Court held the deprivation of property by persons acting under color of state law does not constitute a deprivation without due process of law when a predeprivation hearing is impractical and there is available an adequate postdeprivation remedy at the time of the deprivation. *Id.* at 532-33, 104 S.Ct. at 3203-04. The *Hudson* Court reasoned impracticality occurs when the loss of property is the result of a governmental employee's random, unauthorized act because it is impossible for the State
6

to know beforehand of the deprivation, negligent or intentional, and to provide a predeprivation hearing prior to the loss. *Id.* at 532-33, 104 S.Ct. at 3203. Some postdeprivation remedies that have satisfied due process are administrative procedures, *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986), or ordinary state tort litigation procedures, *Hudson*, 468 U.S. at 535-36, 104 S.Ct. at 3204. However, "the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy." *Id.* at 534, 104 S.Ct. at 3204.

According to the complaint, a predeprivation hearing would not have been practical. The deprivation of the vehicle occurred not as a result of some established procedure, but as a result of a random, unauthorized act. Therefore, in order for plaintiff's due process claim to be reviewable in this court, plaintiff must establish that there was no adequate postdeprivation procedure available to him at the time of deprivation. *See Tinney v. Shores,* 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding no due process violation when plaintiffs only argued the violation was complete at the time of the deprivation and failed to address the availability and adequacy of postdeprivation remedies).

However, in the present action plaintiff did not allege that he did not have an adequate postdeprivation remedy available to him at the time of the deprivation. A city employee, like defendant Bufford, may be personally liable to an inmate in an ordinary tort action. *Borders v. City of Huntsville,* 875 So.2d 168 (Ala. 2003); *Milton v. Espey*, 356 So.2d 1201 (Ala. 1978); ALA. CODE § 6-5-262 (1975).

It is not necessary that the postdeprivation remedy be available to plaintiff at the present time to

determine whether the deprivation was with due process. *Parratt*, 451 U.S. at 543-44, 101 S.Ct. at 1917. It is only required that an adequate postdeprivation remedy be available to him when the deprivation occurred. *Id.* Because an adequate postdeprivation remedy was available to plaintiff at the time of his loss, the deprivation of plaintiff's property does not violate due process. Accordingly, plaintiff's claim for a deprivation of property without due process of law is frivolous.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE** this 25th day of March, 2005.

/s/ Kristi D. Lee
**KRISTI D. LEE**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        **KRISTI  D.  LEE**
                                        **UNITED STATES MAGISTRATE JUDGE**

9